NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3154

LIGAYA I. CARINIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 4, 2004

_____

Before CLEVENGER, RADER and BRYSON, Circuit Judges.

PER CURIAM.

Ligaya I. Carinio seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying her request for survivor benefits based on her late husband's government service.  Carinio v. Office of Pers. Mgmt., No. SE0831020347-I-1 (Jan. 21, 2004).  We affirm.

I

Under 5 U.S.C. § 8339(j)(5)(C)(i), Ms. Carinio's late husband had two years from the date of his marriage to Ms. Carinio in which to elect her as a beneficiary of his death benefits, and thereby entitle her to survivor benefits.  In her appeal to the Board, Ms. Carinio conceded that her late husband had never made the required election in

order to entitle her to the benefits she seeks. She instead challenged whether OPM had ever sent Mr. Carinio the required notice informing him of his right to make the election in her favor. In cases where it can be shown that OPM failed to give the required notice, the time period for making the requisite election may be waived. See Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1559-60 (Fed. Cir. 1992).

OPM responded to Ms. Carinio's challenge by evidence showing that it in fact had sent the required notices to Mr. Carinio. In response to Ms. Carinio's argument that OPM may have failed to update its address for Mr. Carinio to reflect his Philippines address, the record showed that Mr. Carinio had in fact received his monthly annuity checks at his address in the Philippines. This evidence showed that Mr. Carinio had updated his address with OPM. Based on the record before it, the Board concluded that OPM had mailed the required notices to Mr. Carinio in 1989 and 1990 to his Philippines address. That being the case, there is no ground upon which Ms. Carinio could claim entitlement to survivor benefits, since there is no way to escape from the failure of Mr. Carinio to have made the necessary election on time. The Board thus affirmed OPM's reconsideration decision.

II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law. Where the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In this case, the Board's final decision rests on its finding that OPM did send the required notices to Mr. Carinio informing him of his rights to elect in Ms. Carinio's favor.

Substantial evidence supports that finding; indeed there is no evidence to the contrary.

We therefore must affirm the final decision of the Board, and we do so.